**Warren C. HAVENS, Appellant**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**Nos. 02–1359, 02–1360.**

United States Court of Appeals, District of Columbia Circuit.

May 24, 2011.

**4**

Before: SENTELLE, Chief Judge, and GINSBURG and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

These appeals were considered on the record from the Federal Communications Commission (FCC) and on the briefs filed by the parties. *See* FED R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the orders of the Federal Communications Commission be affirmed.

The staff of the Federal Communications Commission denied Warren Havens' petitions for reconsideration of the staff's decisions to (1) grant "block B" licenses to his competitor, Regionet; and (2) renew Regionet's license to provide particular wireless services. Havens then applied for review by the Commission of the denials of reconsideration. The relevant regulation permits petitions for reconsideration from "any party to the proceeding" or "any other person whose interests are adversely affected" who can show "good reason why it was not possible for him to participate in the earlier stages of the proceeding." 47 C.F.R. § 1.106(b)(1). The Commission denied Havens' applications for review on the ground that his petitions for reconsideration were procedurally infirm because he was neither a party to the earlier proceedings nor able to show good reason why he had not participated. Havens now appeals from the Commission's denials of his applications for review.

With respect to his first petition for reconsideration, Havens argues that by filing a petition to deny Regionet's block A initial license, he became a party to the block B initial license proceeding. The Commission, however, reasonably found that he did not, as those "two sets of applications appeared on separate public notices, which triggered separate petition to deny filing periods and separate licensing proceedings." *Regionet Wireless Licensee, LLC,* Order on Further Reconsideration, 16 FCC Rcd. 22097, 22099 (Dec. 17, 2001). Havens did not argue before the Commission that he had good reason for failing to participate, and we therefore lack jurisdiction to consider that argument on appeal. *See* 47 U.S.C. § 405(a).

With respect to his second petition, the FCC found that Havens' "general informal request" did not make him a party to the proceeding, and that he had failed to argue to the staff that it did. *Regionet Wireless License, LLC,* Memorandum Opinion and Order, 17 FCC Rcd. 21269, 21270 (Oct. 25, 2002). Accordingly, the FCC reasonably found that Havens was barred by 47 C.F.R. § 1.115(c) from asserting this argument in his application for review by the Commission. *See BDPCS, Inc. v. FCC,* 351 F.3d 1177, 1184 (D.C.Cir. 2003). Havens argues in the alternative that the FCC's thirty-day period during which he could have petitioned for denial of Regionet's relicensing was too short—

providing "good reason" why he was not a party to the proceeding. The FCC reasonably rejected this argument.

█ Finally, Havens argues that the FCC's interpretation of 47 C.F.R. § 1.106(b)(1), as procedurally barring his petition, is arbitrary and capricious because it violates the agency's duty under 47 U.S.C. § 309 to determine, before it grants an application for a license, whether "the public interest, convenience and necessity" would be served thereby. We defer to an agency's interpretation of its own regulation as long as it is reasonable and does not violate federal law. *See Stinson v. United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Here, the Commission's interpretation of § 1.106(b)(1) is reasonable because it is consistent with the plain terms of the regulation, and it does not contravene § 309 because the agency reasonably concluded that the public interest is served by finality. *Cf. Valley Telecasting Co. v. FCC,* 336 F.2d 914, 917, 919 (D.C.Cir.1964) (holding that, in § 309, the Congress "manifested unmistakably a purpose to advance a policy of finality in administrative litigation" and "clearly recognized that sound regulation has procedural as well as substantive elements, and that 'the public interest, convenience, and necessity' comprehends both").

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.